

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00353-CV

_____

QI HE, INDIVIDUALLY AND AS NEXT FRIEND OF S.H, AND SHARON HE,
Appellants

V.

LAWRYN KERR, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-360885-25

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellants Qi He, Individually and as Next Friend of S.H., a minor, and Sharon He[1] are attempting to appeal the trial court's July 18, 2025 "Order on Defendant's Motion to Enforce Settlement Agreement." A few days after receiving the notice of appeal, we received a copy of a letter that the trial court had simultaneously sent the parties indicating that it did not intend for its order to be final and appealable.[2] The trial court wrote that "[b]ased on the announcement of a settlement[,] this court is hereby providing notice of deadline for finalizing this case." The trial court then advised the parties that "unless final closing documents are received by this [c]ourt no later than September 5, 2025[,] this case will be [d]ismissed for [w]ant of [p]rosecution."

Because of the trial court's letter and the order's language that does not state that it is intended to be final and appealable, *see In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding), we notified Appellants that the trial court's order did not appear to be a final judgment or an appealable interlocutory order. We

---

[1]The notice of appeal states, "COME QI HE, INDIVIDUALLY, AND A/N/F OF S.H., AND SHARON HE, Plaintiffs in the above-captioned case," but it is unclear who Sharon He is because that name is not listed in the case caption or the appealed order.

[2]The trial court's letter is dated July 18, 2025, and the trial-court clerk file-marked it that same day at 3:04 PM, which is the exact same date and time as appears on the file mark on the "Order on Defendant's Motion to Enforce Settlement Agreement." Appellants' notice of appeal is file-marked July 18, 2025, at 3:38 PM.

informed Appellants that unless within ten days we received a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. When the deadline passed with no response, we contacted the trial-court clerk to inquire about the status of the case.

The clerk confirmed that "the case is still pending until those closing documents are received." We again notified the parties of our concern that there is no final judgment or appealable interlocutory order and that Appellants' notice of appeal is premature. We gave the parties thirty days to correct the defect in the record by furnishing this court with a signed copy of the order that Appellants seek to appeal. The deadline passed, and Appellants did not respond.

And we have again confirmed with the trial-court clerk that the case is still pending in the trial court because no "closing documents [have been] filed." Because we have not received a signed copy of the final order or judgment that Appellants seek to appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).


/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 16, 2025

3